FILED
2006 SEP 12 AM 8:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. OGLE,<br><br>　　　　　　　Plaintiff,<br>vs.<br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>　　　　　　　Defendant. | CASE NO. 05CV252-H (LSP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

　　　On February 4, 2005, Plaintiff John Ogle ("Plaintiff") filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Jo Anne Barnhart, the Commissioner of Social Security ("the Commissioner") filed a response on September 7, 2006. The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based on a review of the papers, the Court GRANTS Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).

**Procedural Background**

　　　On February 4, 2005, Plaintiff entered into a contingency fee agreement with his attorney and agreed to pay 25% of the past-due benefits awarded upon the reversal of the unfavorable decision of the Commissioner. (Pl.'s Attach. B.) On the same day, Plaintiff filed a complaint in this Court pursuant to § 405(g) of the Social Security Act to obtain judicial review and remedy of the final decision of the Commissioner. (Doc.

No. 1.) The Commissioner had previously denied Plaintiff's claims for Disability Income Benefits under Title II and Supplemental Security Income benefits under Title XVI of the Social Security Act. (Id.) Subsequently, the parties filed cross motions for summary judgment. (Doc. No.'s 8, 11.) On December 7, 2005, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the matter to the Commissioner for payment of benefits. (Doc. No. 13.) On March 14, 2006, pursuant to a stipulation between the parties, the Court approved $4,000 in attorney's fees for Plaintiff under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412(d)(1)(A). (Doc. No. 15.) Upon remand, the Commissioner determined that Plaintiff was entitled to $23,014.64 in retroactive supplemental social security income benefits. (Pl.'s Attach. A.) Plaintiff then filed a motion for attorney's fees pursuant to § 206(b)(1)(A) of the Social Security Act, 42 U.S.C. § 406(b)(1)(A). (Doc. No. 16.)

## Discussion

A court may award attorney's fees in a Social Security benefits matter under two statutes. First, the EAJA permits a plaintiff to recover his reasonable attorney's fees if the position taken by the government in the action was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Second, the Social Security Act provides "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total past-due benefits." 42 U.S.C. § 406(b)(1)(A). The reasonable fees are "out of" not "in addition to" the amount the plaintiff is awarded in past-due benefits. Id. A plaintiff may be awarded attorney's fees under both the EAJA and Social Security Act, however, to avoid a double recovery, plaintiff's counsel must "refun[d] to the [plaintiff] the amount of the smaller fee up to the point the [plaintiff] receives 100 percent of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Plaintiff's counsel is not entitled to additional fees even if the plaintiff is awarded continuing Social Security benefits. Id.

Prior to the United States Supreme Court's decision in Gisbrecht, the circuit courts were split on the appropriate method of calculating attorney's fees under 42 U.S.C. § 406(b). Some circuits used the lodestar method, based on the number of hours the attorney spent on the case multiplied by a reasonable hourly rate, other circuits used a contingent fee method. Id. at 799. In Gisbrecht, the Court held that the contingent fee calculation was the appropriate method for awarding attorney's fees under 42 U.S.C. § 406(b). Id. at 808-809.

The district judge is responsible for assessing the reasonableness of the terms of the contingent fee agreement. Id. at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). The court may reduce the fee recovery if it determines that the amount requested is unreasonable compared to the representation and results achieved. Id. Additionally, the Court may reduce the fee award if the attorney was responsible for a delay or if the attorney would receive a windfall because the hours spent on the case were minimal compared with the size of the award. Id. As an aid in making its assessment, a court may require plaintiff's counsel to submit records pertaining to the hours spent on the representation and the typical hourly rated billed by the attorney in other, noncontingent cases. Id.

In this case, Plaintiff's counsel asserts that he spent 25.91 hours representing Plaintiff. Counsel does not have a regular hourly billing rate because he has focused exclusively on Social Security matters taken on a contingent fee basis for the past 17 years. The total amount counsel seeks under 42 U.S.C. § 406(b) is $5,753.00, representing 25% of Plaintiff's past due benefits. Counsel asks the Court to approve that $1,753.00 be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits. That amount represents the fees requested under 42 U.S.C. § 406(b), less the EAJA award previously approved by the Court.

Plaintiff successfully appealed the Commissioner's denial of benefits. (Doc. No. 13.) This would not have occurred without the proceedings in this Court, at which Plaintiff was represented by counsel. There is no evidence that Plaintiff's counsel was

responsible for any delay. He spent a total of 25.91 hours representing Plaintiff, which appears reasonable in light of the results achieved. See <u>Gisbrecht</u>, 535 U.S. at 809. Plaintiff's counsel has 17 years of experience in this practice area, and therefore may have spent less time than it would take other attorneys to achieve the same result. Therefore, the Court concludes that a contingent fee award under 42 U.S.C. § 406(b) of $5,753.00, representing 25% of the past-due benefits entitlement, is reasonable.

### Conclusion

Accordingly, the Court **GRANTS** Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $5,753.00. The Court approves that $1,753.00 be paid out of the sums withheld by the Commissioner from Plaintiff's benefits since Plaintiff's counsel previously received $4,000 from the prior EAJA award.

IT IS SO ORDERED.

Dated: 9/11/06

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:
Thomas Garrett Roche
Law Offices of Thomas G. Roche
1850 Fifth Avenue
San Diego, CA 92101

US Attorney's Office, Civil Division
Southern District of California
880 Front Street, Suite 6253
San Diego, CA 92101